UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MANPREET SINGH,

Petitioner,

v.                                                CAUSE NO. 3:26-CV-403-CCB-SJF

BRIAN ENGLISH,

Respondent.

## <u>ORDER</u>

Manpreet Singh, an immigration detainee representing himself, was ordered to show cause why this case should not be dismissed as abandoned because mail sent to his last known address was returned undeliverable. ECF 5. The Court acknowledged if he was not at the address on the docket, that order was unlikely to reach him. However, it was possible he would attempt to determine the status of this case by visiting the clerk's office (if he had been released from custody) or by checking the online docket, in which case this order would alert him that he needed to take action before the harsh sanction of dismissal was imposed. In addition, if the order was returned to the clerk as undeliverable, that would serve as further confirmation he did not provide his current address. Thus, the court believed the show cause order was appropriate notwithstanding the likelihood that it would not reach him. As it turned out, it did not reach him and was returned undeliverable. ECF 7.

"The demand that plaintiffs provide contact information is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit."

*Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D. N.Y. 2006) (quotation marks and citation omitted). "[L]itigants, including prisoners, bear the burden of filing notice of a change of address . . .." *Snyder v. Nolen*, 380 F.3d 279, 285 (7th Cir. 2004) (quotation mark omitted).

For these reasons, this case is **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b).

SO ORDERED on May 20, 2026

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

2